# Francis M'Donald, et al., plaintiff in error, *vs.* John T. Lightfoot, defendant in error.

## *Error to Lee.*

In an action of trespass, the defendant may properly introduce evidence to prove that the plaintiff had originally taken possession of the house by disseizen and trespass on the defendant, and that he had a right to the possession of the house at the time of the force and arms complained of by plaintiff.

Such evidence would not be a defence to the action, but it should be admitted in mitigation of damages.

A record of a recovery in an action of forcible entry and detainer, for a portion of land &c., is not admissible in bar to an action of trespass committed on another portion of it by the defendant.

This was an action of trespass *quare clausum fregit*, instituted by John T. Lightfoot, against Francis M'Donald, Andrew Butler, John W. Patton, Nathaniel Markham, Orson Markham and Andrew Mitchell, before a justice of the peace. Judgment was rendered against M'Donald,

Butler and Patton, for twelve dollars and costs, and the case was taken to the District Court, on appeal, where it was tried at May term, 1844, and a verdict and judgment had for plaintiff.

The following bills of exceptions were taken :

"Be it known that on the trial of this cause the plaintiff gave in evidence and proved that he was in possession of a house situated in Lee county, and had been in the possession for three months, and that during the temporary absence of the plaintiff and his family, the defendant entered into said house, and removed the household goods and chattles of the plaintiff out of said house, and took and retained possession of the house.

"The defendant then offered to prove that the plaintiff had originally taken possession of the house by disseizen and trespass on defendant M'Donald, and that M'Donald had the right to the possession of said house at the time of the force and arms complained of by plaintiff. He peaceably entered into said house, and doing as little harm as possible, gently removed the goods and chattles of the plaintiff out of said house and that the plaintiff nor any of his family did not return to said house, until after all the plaintiff's goods had been removed, and defendant M'Donald was in possession of said house.

"Which testimony so offered by defendants, the plaintiff, by his counsel excepts, and prays the court to sign and seal this their first bill of exceptions, which is accordingly done.

"CHARLES MASON, Judge, [L. S."]

"Be it known that on the trial of this cause, the plaintiff offered evidence to the jury going to prove that the plaintiff had been in possession of a certain house, and that during the absence of the plaintiff and his family, the defendant took possession of said house, and removed the plaintiff's goods. Said premises were on the south-west quarter of section 17, township 67, N. range 6 west.        •

"The defendants in their defence offered to prove by way of justification and mitigation of damages, a record and judgment of the proceedings of a forcible entry and detainer suit had between the said defendant M'Donald, as complainant, and said plaintiff was one of the defendants. Which suit had been tried before a justice of the peace, and appealed to the District Court of Lee county, and in which case M'Donald had recovered. And that said premises upon which this trespass was committed, was the same in part as recovered in said suit, of forcible entry

and detainer.    To which record and evidence the plaintiff by his attorney objected and the court sustained the objection, and ruled that said evidence should not be received.  To which decision and ruling the defendant, by his attorney excepts, and prays the court to sign and seal this his second bill of exceptions, which is accordingly done.

"CHARLES MASON, Judge, [L. S. "]

The defendants sued out their writ of error from this court.

The refusal to admit the defendant's evidence in the two bills of exceptions mentioned, are the errors assigned.

HALL & MILLS, for plaintiffs in error.

WRIGHT & KNAPP, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—We think the court below erred in refusing to admit the evidence offered by the plaintiff in error, as set forth in the first bill of exceptions.   Although we think the facts if proved, would not have been a defence to the action, still they should have been permitted to be shown in mitigation of damages.

The evidence proffered as stated in the second bill of exceptions, was correctly refused admission.

Judgment set aside and trial de novo ordered.